# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-60V**

| | |
|---|---|
| PERRY WALTERS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 12, 2026 |

*Jonathan Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 5, 2021, Perry Walters filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine he received on October 3, 2019. ECF No. 1 at 1. On August 26, 2025, I issued a decision dismissing Petitioner's claim. ECF No. 37.

Petitioner filed a motion for attorney's fees and costs, requesting an award of $24,913.47 ($24,152.50 in attorney fees plus $760.97 in costs). Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs, filed September 29,

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2025, ECF No. 41. Furthermore, counsel for Petitioner indicated that no personal out-of-pocket expenses were incurred. *Id.* at 3. Respondent reacted to the motion on October 6, 2025, deferring to the Court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case and leaving the amount to be awarded to my discretion. Respondent's Response to Motion at ECF No. 42. Petitioner did not file a reply.

Although the claim was unsuccessful, I find it possesses sufficient reasonable basis to permit an award of attorney's fees.

## I. Reasonable Basis

### A. Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3]

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly

Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs*., 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*, *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### B. Existence of Reasonable Basis

I dismissed this case because I determined that Petitioner failed to establish by a preponderance of the evidence that he received the flu vaccine in his right shoulder and that his pain began within 48 hours of vaccination. ECF No. 37 at 9-12.

believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs*., No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

As to situs, Petitioner's October 3, 2019, Vaccine Administration Record ("VAR"), which was produced and certified by the pharmacy's custodian of records, clearly indicated that he received the vaccine in his left deltoid. However, Petitioner later returned to the pharmacy and obtained an undated, uncertified "Immunization Services School Immunization Notification Form" ("School Immunization Form") from a different pharmacist purporting to show that he received the flu vaccine in his right deltoid. Petitioner presented this second document as a corrected vaccination record. Petitioner also submitted affidavits from himself, his wife, and coworkers discussing their recollections of Petitioner receiving the vaccine in his right arm and complaining of pain in that location. I held that the VAR was not ambiguous, incomplete, or unreliable and that the School Immunization Form was entitled to little weight. Further, the testimonial evidence was not contemporaneous or compelling enough to outweigh the VAR.

Regarding onset, Petitioner delayed nearly four months before seeking treatment for right shoulder pain and then repeatedly reported that his pain began on a specific date in December 2019. Petitioner's only evidence in favor of a 48-hour onset was the affidavits, a document purporting to document that Petitioner left work early on the day of vaccination, and a September 16, 2020, doctor appointment in which, for the first time, he attributed his pain generally to the flu vaccine. I ruled against Petitioner on the basis that his medical records lacked any reference to pain beginning immediately after vaccination and did not corroborate the affidavit statements. I gave the greatest weight to Petitioner's unbiased initial statements to obtain medical care that his pain began without a known cause in December 2019.

Therefore, after weighing the evidence, I determined that there was not *preponderant* evidence in favor of a Table SIRVA. However, I am able to find, if barely, that this unsuccessful claim possessed a reasonable basis, an issue governed by a much lower evidentiary standard. Petitioner's School Immunization Form did provide evidence of a right shoulder vaccination, even though I found that the circumstances of its creation and its lack of certification made it insufficiently reliable to outweigh the VAR. Given that Petitioner's medical records specifically described an onset date in December 2019, it is more difficult to find any support for this element, but I find that Petitioner's attribution of his condition to the flu vaccine at his September 16, 2020, appointment provides slightly more than the quantum of evidence necessary for this fees award.

For these reasons, I find that the claim possessed a reasonable basis until it was dismissed. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

## II. Appropriate Amount to be Awarded

### A. Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B. Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. The request appears reasonable, and rates requested for work performed through 2025 are consistent with our prior determinations. ECF No. 41-2 at 1-12. And Petitioner has provided supporting documentation for all claimed costs. ECF No. 41-4 at 1-9.

## Conclusion

I have determined that an award of reasonable attorneys' fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Additionally, no reduction in the amount of attorney's fees and costs is warranted. Accordingly, I hereby **GRANT** Petitioner's Motion for attorney's fees and costs and award a total of **$24,913.47 (representing $24,152.50 in attorney fees and $760.97 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[4]

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master